UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUNDANCE REHABILITATION CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | No. 4:08-CV-1973 CAS |
| CHERYL PARSONS, ) ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Sundance Rehabilitation Corporation's motion for entry of default judgment against defendant Cheryl Parsons. For the following reasons, the Court will grant default judgment in favor of plaintiff in the amount of $92,776.41, along with default interest at a rate of 11% per annum.

**Background.**

On December 22, 2008, plaintiff filed this action against defendant alleging default on a promissory note. On January 7, 2009, defendant was personally served with process. Defendant's deadline for answering the complaint was January 27, 2009. Defendant has not entered her appearance, and has not filed a response to plaintiff's complaint within the time prescribed by the Court. Accordingly, the Clerk entered defendant's default on February 10, 2009 pursuant to Fed. R. Civ. P. 55(a). The Clerk did not enter default judgment, however, because plaintiff's claims are not for a "sum certain." Fed. R. Civ. P. 55(b)(1).

**Discussion.**

    **A.**    **Default Judgment**

Because the Clerk has entered default against defendant, she has "no further standing to contest the factual allegations of plaintiff's claim for relief." Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988). Indeed, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum and Glass Corporation, 477 F.2d 526, 531 (8th Cir. 1973) (quoting 3 Barron & Holtzoff, Federal Practice & Procedure § 1216, at 85-86 (1958)).

In order to determine the legal or equitable relief to which a party is entitled, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Courts have noted that "it is a familiar practice. . . for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Taylor, 859 F.2d at 1333 (citing Pope v. United States, 323 U.S. 1, 12 (1944)).

Plaintiff submitted evidence and briefing on the issue of damages in its motion for default judgment and the supporting memorandum. Plaintiff's evidence consists of affidavits and attorney billing records. In addition, plaintiff attached to the complaint the Promissory Note and Personal Guaranty referenced in the complaint and in the affidavit of Rachel Gardenier, the Credit and Collections Manager for plaintiff. After a thorough review of these documents, the Court does not believe it is necessary to conduct an evidentiary hearing.

The well-pleaded allegations of plaintiff's complaint establish the following: (1) defendant is the President of New Vision Care Associates II, Inc. ("New Vision") and Manager of C.P. Care Associates, LLC ("C.P."); (2) on July 19, 2007, New Vision and C.P. executed a promissory note (the "Note") to plaintiff; (3) on July 19, 2007, defendant executed and delivered to plaintiff an individual Guaranty (the "Guaranty"), under which she guaranteed to plaintiff the full, timely and complete payment of all indebtedness and liabilities of New Vision and C.P. under the Note; (4) under the Guaranty, defendant is liable for the repayment of the indebtedness under the Note to plaintiff; (5) New Vision and C.P. are in default of their obligations under the Note; (6) accordingly, the Note is now due and owing; (7) defendant is in default of her obligations under the Guaranty. The Court finds that plaintiff has sufficiently alleged a claim of default on promissory note. Defendant has failed to answer or otherwise plead. Therefore, the Court will grant plaintiff's motion for default judgment.

**B.     Damages**

In support of its motion for default judgment, plaintiff has submitted the affidavit of Rachel Gardenier, Credit and Collections Manager for Sundance Rehabilitation Corporation. As detailed in the affidavit, defendant owes an outstanding balance of principal and interest to plaintiff totaling $86,202.00, which amount includes $77,727.00 in principal and $8,475.00 in interest at a rate of 6% per annum. Pursuant to the Note and the Guaranty, defendant also owes default interest at the rate of 11% per annum, plus plaintiff's attorneys' fees and costs incurred in pursuing this action. Based on the affidavits of attorneys Herbert R. Giorgio, Jr. and Christopher J. Schmidt and their detailed billing records, plaintiff has incurred attorneys' fees and costs in the amount of $6,574.41 in pursuing this action.

**Conclusion.**

For the foregoing reasons, the Court will grant plaintiff's motion for default judgment, and award plaintiff the outstanding balance of principal and interest totaling $86,202.00, along with default interest at a rate of 11% per annum. The Court will also award plaintiff $6,574.41 for attorneys' fees and costs in this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment is **GRANTED**. [Doc. 7]

**IT IS FURTHER ORDERED** that plaintiff is awarded damages in the amount of Ninety-Two Thousand, Seven Hundred Seventy-Six Dollars and Forty-One Cents ($92,776.41), along with default interest at a rate of 11% per annum.

An appropriate judgment will accompany this memorandum and order.

                                         **CHARLES A. SHAW**
                                         **UNITED STATES DISTRICT JUDGE**

Dated this   31st   day of March, 2009.